UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACQUELINE PICKARD,

                            Plaintiff,

v.                                             Civil Action No. _____

CAVALRY PORTFOLIO SERVICES, LLC,

                            Defendant.
_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Jacqueline Pickard is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. That Plaintiff was formerly known as Jacqueline Halt.

6. Defendant Cavalry Portfolio Services, LLC, (hereinafter "Cavalry") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff incurred a credit card debt to MBNA Bank. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff thereafter defaulted on the subject debt.

13. That upon information and belief Defendant was employed by the current creditor to collect on the subject debt.

14. That in or about August 2009, Defendant made a telephone call to Plaintiff's mother's cellular telephone. Plaintiff's mother did not answer the call and Defendant left a voicemail. In the voicemail message Defendant disclosed that they were debt collector attempting to collect an MBNA bill for $3,963.63 from Plaintiff. . Plaintiff's mother retrieved the subject message from her voicemail and listened to the entire message. Prior to listening said message, Plaintiff's mother had not known that her daughter owed the subject debt. After hearing the subject message Plaintiff's mother contacted Plaintiff to question her about the message and debt.

15. That several years ago, Plaintiff's mother had given Plaintiff several thousand dollars for the express purpose of Plaintiff using said funds to pay off her existing debts. Upon hearing the aforementioned telephone message, Plaintiff's mother became convinced that Plaintiff had used those funds for personal use, rather than paying off her debts. Plaintiff's mother confronted Plaintiff asking her "what did you really do with the money?"

16. Plaintiff believed that the only way should could repair her relationship with her mother would be for her to prove that she had spent the gifted money appropriately. However, it was difficult to document the expenditures because of the lapse of time.

17. Plaintiff was never able to fully convince her mother that she had not spent the money on her debts as she had promised to do. As result, there continues to be a rift between Plaintiff and her mother. Further, Plaintiff's mother does not trust Plaintiff with money, and would never give or lend her money again in the future.

18. That in addition to the telephone message described above, Defendant made additional telephone calls to Plaintiff's mother's cellular and residential telephone lines in an attempt to collect the debt.

19. That Defendant called spoke to Plaintiff's sister in an attempt to collect the subject debt. During the course of their conversation, Defendant asked Plaintiff's sister where Plaintiff resided. Defendant then asked Plaintiff's sister to either leave a message with Plaintiff to call Defendant, or to advise Defendant how they could contact her. When Plaintiff's sister replied that she did not stay in contact with Plaintiff, Defendant stated, "What kind of person are you?" Plaintiff's sister found the call to be harassing in nature.

20. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3)and 15 U.S.C. §1692c(b) by leaving Plaintiff's mother a voicemail which disclosed Plaintiff owed a debt and by calling her on multiple occasions.

    B. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692c(b) and 15 U.S.C. §1692d by failing to limit their communication with Plaintiff's sister to obtaining location information for Plaintiff, and by harassing her.

    C. Defendant violated 15 U.S.C. §1692e(11) by failing to disclose to Plaintiff in their communication to her made through Plaintiff's sister that they were a debt collector attempting to collect a debt.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 29, 2010

                                                s/Kenneth R. Hiller_____
                                                Kenneth R. Hiller, Esq.
                                                Seth Andrews, Esq.
                                                Law Offices of Kenneth Hiller, PLLC
                                                *Attorneys for the Plaintiff*
                                                6000 North Bailey Ave., Suite 1A
                                                Amherst, NY 14226
                                                (716) 564-3288
                                                Email: khiller@kennethhiller.com
                                                            sandrews@kennethhiller.com